UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     MICHAEL ROSS MALLON | ) | Case No. 07-13240-SSM |
| | ) | Chapter 7 |
|                  Debtor | ) | |
| | ) | |
| HAZEL A. PISCOPO | ) | |
| | ) | |
|                  Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-01095 |
| | ) | |
| MICHAEL ROSS MALLON | ) | |
| | ) | |
|                  Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiff's motion for summary judgment determining that her $523,407 state court judgment against the defendant is nondischargeable. Following a hearing on August 12, 2008, the court took the motion under advisement to review the applicable law. For the reasons stated, the motion will be denied.

<u>Background</u>

The defendant, Michael Ross Mallon ("the debtor") filed a voluntary petition in this court on October 30, 2007, for relief under chapter 7 of the Bankruptcy Code. He received a discharge of his dischargeable debts on February 11, 2008. Among the creditors listed on his schedules was Hazel A. Piscopo, shown as the holder of a disputed $523,407 claim. Ms. Piscopo's claim arises out of a February 2003 agreement under which the debtor was engaged to provide

1

consultant services in connection with the construction of an equestrian facility on Ms. Piscopo's property. Ultimately, she brought suit against the debtor in the Circuit Court of Loudoun County, Virginia. On September 2, 2005, the state court granted summary judgment in Ms. Piscopo's favor on counts alleging breach of contract, negligence, civil conspiracy, breach of fiduciary duty, and fraud, and set a further hearing on damages. Following that hearing, the state court entered a final judgment against the debtor on May 19, 2006, in the amount of $523,407.

After the debtor filed his bankruptcy petition in this court, Ms. Piscopo brought the present action to determine the dischargeability of her claim. In her amended complaint, she seeks a determination that her judgment against the debtor is excepted from discharge under § 523(a)(2)(A), Bankruptcy Code, as a debt for money obtained by fraud; under § 523(a)(4) as a debt for fiduciary defalcation; and under § 523(a)(6) as a debt for willful and malicious injury to her property. The essential facts alleged in the complaint are that she and the debtor entered into a "Consultancy Agreement" under which the debtor agreed to be the project manager for the construction of a riding arena and horse stable; that she paid him $37,000.00 to act as her agent for the project; that he was not a licensed Class A contractor as represented to her; that he failed to properly supervise the work; that he entered into a secret agreement with the steel erector for an inflated bid and payment of a $15,000 kick-back; and that she suffered substantial damages from having to hire new contractors to rebuild the project, reorder supplies, re-establish her credit rating, and recover lost profits.

## Discussion

In its motion, the plaintiff relies on the preclusive effect of the state court judgment. Although the Supreme Court has ruled that *res judicata*, or claim preclusion, does not apply to

2

dischargeability litigation, *see Brown v. Felsen*, 442 U.S. 127, 99 S.Ct 2205, 60 L.Ed.2d 767 (1979), collateral estoppel, or issue preclusion, does. *Grogan v. Garner*, 498 U.S. 279, 285 n.11, 111 S.Ct. 654, 658 n.11, 112 L.Ed.2d 755 (1991). In determining whether a state court judgment is entitled to collateral estoppel effect in dischargeability litigation, a bankruptcy court applies the preclusion law of the forum in which the judgment was entered. *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir. 1995).

While the court concurs that the state court judgment establishes a number of facts that might otherwise be disputed in this litigation, the court cannot concur that those facts satisfy all of the elements of the pleaded grounds for non-dischargeability. With respect, first, to the fraud count, the plaintiff must show that money was obtained by means of a false representation by the debtor upon which she justifiably relied and which resulted in damage to her. The specific misrepresentation pleaded in the complaint is that the debtor falsely stated that he was a licensed Class A contractor.[1] The judgment of the state court certainly establishes that he was required to be so licensed, and that he was not, but it does not establish that he *represented* to Ms. Piscopo that he was, or that she justifiably relied on the misrepresentation. Rather, the misrepresentation recited by the state court in granting summary judgment on the fraud count involved whether the steel erector was licensed, not the debtor. With respect to the fiduciary defalcation count, it is well-settled that the term "fiduciary" as used in § 523(a)(4), Bankruptcy Code, is restricted to "the class of fiduciaries including trustees of specific written declarations of trust, guardians,

---

[1] *See Pleasants v. Kendrick (In re Pleasants),* 219 F3d 372 (4th Cir. 2000) (holding that even though the plaintiffs claim included nothing paid directly to a debtor who misrepresented himself as architect, the amounts they paid to third parties to complete the project when debtor defaulted were nondischargeable under Sec. 523(a)(2)(A)).

3

administrators, executors or public officers and, absent special considerations, does not extend to the more general class of fiduciaries such as agents, bailees, brokers, factors, and partners." *Sager v. Lewis (In re: Lewis)*, 94 B.R. 406, 410 (Bankr. E.D. Va. 1988). In the present case, no more is alleged than that the debtor was Ms. Piscopo's agent and owed her a duty of loyalty and care. This is unquestionably a true statement of state law; but simply because state law would characterize a relationship as fiduciary in character does not, as noted, necessarily make the debtor a fiduciary in the sense required in the dischargeability context. Finally, with respect to the willful and malicious injury count, the state court finding that the debtor's conduct in entering into the kick-back agreement with the steel erector constituted a civil conspiracy does not, standing alone, establish that the debtor *intended* to injure Ms. Piscopo. As the Supreme Court has explained, the standard of willfulness under § 523(a)(6) requires that the debtor intended to cause injury, not merely that the debtor intended the act which resulted in injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

In short, while the state court judgment is preclusive as to the damages sustained and as to the facts found and recited in the summary judgment order—and while those facts may even constitute powerful circumstantial evidence with respect to the additional elements that must be proven to show nondischargeability—this court is unable to conclude that the state court judgment, standing alone, is conclusive on those additional issues.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion for summary judgment, to the extent it seeks a determination of nondischargeability, is denied. However, the motion is granted to the limited extent of establishing for the purpose of this action the debtor's misconduct and the quantum of damages resulting therefrom.

2. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                         Stephen S. Mitchell
Alexandria, Virginia                     United States Bankruptcy Judge

Copies to:

George LeRoy Moran, Esquire
4041 University Drive, Suite 301
Fairfax, VA 22030-3410
Counsel for the plaintiff

Stephen H. Ratliff, Esquire
10511 Judicial Dr.
Fairfax, VA 22030
Co-counsel for the plaintiff

Spencer D. Ault, Esquire
Law Office of Spencer D. Ault
13193 Mountain Road
Lovettsville, VA 20180
Counsel for the defendant